**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

----------------------------------------------------------------X
AMANDA COTTLE, Individually and on behalf
of all others similarly situated,

                       Plaintiff,

                -against-

PAPA MURPHY'S COMPANY STORES, INC.,
a foreign Corporation

                       Defendant.
----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

Plaintiff Amanda Cottle ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendant, Papa Murphy's Company Stores, Inc. ("Defendant" or "Papa Murphy's") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of Plaintiff and all current and former overtime exempt-classified Store Managers ("SMs") who worked at any of Defendant's locations in the United States. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former SMs who will opt into this action pursuant to the FLSA that they are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. § 216(b).

3. Defendant is subject to personal jurisdiction in the Middle District of Florida.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant is a covered employer within the meaning of the FLSA, with gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

**I.** *Plaintiff*

6. Plaintiff is an adult individual residing in Jacksonville, Florida.

7. Plaintiff was employed by Defendant as an SM from on or about May 2014 until on or about December 2017, at a Papa Murphy's location in Jacksonville, Florida.

8. Plaintiff's written consent to join this action is attached hereto as Exhibit "A".

**II.** *Defendant*

9. Defendant is a publicly traded corporation, incorporated in Washington, with its corporate headquarters in Vancouver, Washington.

10. Defendant does business under the name "Papa Murphy's Take 'N' Bake Pizza" and operates over 145 corporate locations throughout the United States.

11. In addition, Defendant has over 1300 franchised Papa Murphy's Take 'N' Bake Pizza locations.

12. Defendant employs/employed Plaintiff and other similarly situated current and former SMs at its Papa Murphy's Take 'N' Bake Pizza locations.

13. At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times relevant, Defendant was/is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

16. Defendant has a gross volume of sales made or business done of not less than $500,000.00.

17. At all times relevant, Plaintiff and all similarly situated SMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. Defendant issued paychecks to Plaintiff and all similarly situated SMs during their employment.

19. Defendant directed the work of Plaintiff and similarly situated SMs, and directly benefited, suffered or permitted the work they performed.

20. Plaintiff and similarly situated SMs worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

21. Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiff and other similarly situated SMs proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at its Papa Murphy's locations as SMs, as well as other similarly situated current and former employees Company Stores comparable positions but different titles, at any time from three years prior to the filing of this Collective Action Complaint to the entry of judgment in this case (the "Putative SM Collective").

23. Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the members of the Putative SM Collective.

24. There are numerous similarly situated current and former SMs (and other employees Company Stores comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative SM Collective pursuant to 29 U.S.C. § 216(b).

25. Similarly situated employees are known to Defendant, readily identifiable and can be located though Defendant's records.

26. Plaintiff and the members of the Putative SM Collective, all of whom regularly worked more than forty (40) hours in a workweek, were employed as SMs by Defendant at their Papa Murphy's locations.

27. Defendant failed to pay Plaintiff and the members of the Putative SM Collective overtime compensation for the hours they worked over forty (40) in a workweek.

28. Defendant failed to keep accurate records of all hours worked by Plaintiff and the members of the Putative SM Collective.

29. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit Plaintiff and the members of the Putative SM Collective to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

30. Defendant assigned the work that Plaintiff and the members of the Putative SM Collective have performed or Defendant was aware of the work they performed.

31. The work performed by Plaintiff and the members of the Putative SM Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

32. Defendant intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative SM Collective. This policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant's corporate headquarters. This policy, pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time Plaintiff and the members of the Putative SM Collective have worked for the benefit of Defendant;

    b. willfully failing to keep accurate time records as required by the FLSA;

      c.    willfully failing to credit Plaintiff and the members of the Putative SM Collective for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

      d.    willfully failing to pay Plaintiff and the members of the Putative SM Collective wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

33. Defendant is aware, or should have been aware, that the FLSA requires them to pay Plaintiff and the members of the Putative SM Collective an overtime premium for hours worked in excess of forty (40) hours per workweek.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

34. Consistent with Defendant's policy, pattern or practice, Plaintiff and the members of the Putative SM Collective regularly worked in excess of forty (40) hours per workweek without being paid overtime wages.

35. All members of the Putative SM Collective primarily performed the same or substantially similar job duties.

36. The primary duties that Plaintiff and the other SMs regularly performed include, but are not limited to:

      a.    customer service;

      b.    counting food inventory;

      c.    cooking;

      d.    unloading trucks; and

      e.    cleaning the restaurant.

37. Plaintiff's and the other SMs' primary job duties did not include:

  a. hiring

  b. firing;

  c. setting rates of pay;

  d. scheduling; or

  e. disciplining other employees.

38. Plaintiff's and the other SMs' primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

39. Plaintiff and the other SMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

40. Plaintiff's and the other SMs' primary duties were customer service related. Customer service occupied the majority of the Plaintiff's and the other SMs' working hours.

41. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all SMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

42. Defendant did not perform a person-by-person analysis of every SM's job duties when making the decision to classify all of them, and other employees Company Stores comparable positions but different titles, as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

43. Upon information and belief, Defendant's unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA.

44. Defendant's failure to pay overtime wages for work performed by the Putative FLSA Collective in excess of forty (40) hours per workweek was willful.

45. Defendant's unlawful conduct has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
### (On behalf of Plaintiff and the Putative SM Collective)

46. Plaintiff and the members of the Putative SM Collective, reallege and incorporate by reference paragraphs 1 to 45 as if they were set forth again herein.

47. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

48. Plaintiff and the members of the Putative SM Collective have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

49. At all relevant times, Plaintiff and the members of the Putative SM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendant.

51. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all times relevant, Plaintiff and the members of the Putative SM Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

53. Defendant failed to pay Plaintiff and other similarly situated members of the Putative SM Collective the overtime wages to which they were entitled under the FLSA.

54. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been intentional and willful. Defendant has not made a good faith effort to

comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated members of the Putative SM Collective.

55. Defendant's violations of the FLSA have been willful and as such a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

56. As a result of the Defendant's violations of the FLSA, Plaintiff and all other similarly situated members of the Putative SM Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

57. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated members of the Putative SM Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Putative SM Collective, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated SMs of the nature of this action and of their right to join this lawsuit;

B. Certification of the Putative SM Collective;

C. Designation of Plaintiff as representative of the Putative SM Collective, and counsel of record as Class Counsel;

D. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201, *et seq.* and the supporting United States Department of Labor regulations and the

employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

      E.    Pre-judgment interest and post-judgment interest, as provided by law;

      F.    Attorneys' fees and costs of the action, including expert fees; and

      G.    Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative SM Collective, demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: January 8, 2019
      Boca Raton, Florida           Respectfully submitted,

_____
Gregg I. Shavitz
E-mail: gshavitz@shavitzlaw.com
Logan A. Pardell
E-mail: lpardell@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Tel:   (800) 616-4000
Fax:   (561) 447-8831

Richard Celler
Email: Richard@floridaovertimelawyer.com
**CELLER LEGAL, P.A.**
7450 Griffin Road, Suite 230
Davie, Florida 33314

*Attorneys for Plaintiff and the Putative SM Collective*

# EXHIBIT A

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Papa Murphy's, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. and Richard Celler Legal, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*DocuSigned by: Amanda Cottle*
902F93DEFAE54C5...

AMANDA COTTLE

Print Name